**Charles L. KASS, on behalf of himself and all others similarly situated, Consolidated Lead Plaintiff–Appellant,**

**Scott KALE, Margaret Bander, Charles Kass, Thomas Kisane, Daljit Dhanjal, Donna Buckhaults and Casey Sheehan, Plaintiffs–Appellants,**

v.

**Barrington L. SIMON, Donald J. Iwacha, Eve Sigfrid, Greg Amur, Light Management Group, Inc., James E. Slayton, Defendants,**

**Feldman, Sherb & Co., P.C., Defendant–Appellee.**

**No. 04–3294–CV.**

United States Court of Appeals, Second Circuit.

May 11, 2005.

Edwin J. Mills, Stull, Stull & Brody, New York, N.Y. (Benjamin Sweet, Schiffrin Barroway, LLP, Bala Cynwyd, PA; S. Gene Cauley, Alan Carney, Deborah Sallings, Cauley Bowman Carney & Williams, LLP, Little Rock, AR, on the brief), for Appellants.

Lawrence J. Toscano, Heller, Horowitz & Feit, P.C., New York, NY, for Appellee.

PRESENT: SOTOMAYOR, B.D. PARKER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Lead plaintiff Charles L. Kass, on behalf of himself and all others similarly situated, and plaintiffs Scott Kale, Margaret Bander, Charles Kass, Thomas Kissane, Daljit Dhanjal, Donna Buckhaults and Casey Sheahan (collectively, "plaintiffs") appeal from the district court's partial dismissal of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against defendant-appellee Feldman, Sherb & Co., P.C. ("FSC"). Their complaint alleges violations of § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. We assume familiarity with the facts and procedural background of the case.

We note that the case against the corporate defendant Light Management Group, Inc., its principals, and its prior auditor (collectively, the "other defendants") remains pending and that this appeal comes before us as a result of the district court's entry of partial final judgment as to FSC pursuant to Federal Rule of Civil Procedure 54(b). That rule requires that the district make an explicit finding that there is "no just reason for delay" in entering a judgment as to one party. Fed.R.Civ.P. 54(b); see also O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir.2003) ("[C]ertification must be accompanied by a reasoned, even if brief, explanation of [the district court's] conclusion."). We review this determination for abuse of discretion and upset it only where " 'clearly unreasonable.' " O'Bert, 331 F.3d at 41 (quoting Curtiss-Wright Corp. v. Gen. Electric Co., 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). Here the district court's stated reason for certification was that there was "no basis for putting FSC through partic-

ipation in long and expensive discovery, motion practice and other pre-trial proceedings" or trial. The defect in this reason is plain: Having prevailed on a dispositive motion, FSC is not subject to these burdens. However, "[w]e have excused the absence of an adequate explanation where the reasons for the entry of judgment were obvious ... and a remand to the district court would result only in unnecessary delay in the appeal process." *Id.* (internal quotation and alteration marks omitted). Disposition of this appeal will obviate the risk of a second trial covering substantially similar matters and will speed resolution of the dispute. *See, e.g., Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997); *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.1987), *overruled on other grounds, Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). We therefore hold that the district court did not abuse its discretion in entering partial judgment.

█ We review dismissal under Rule 12(b)(6) *de novo. Velez v. Levy*, 401 F.3d 75, 84 (2d Cir.2005). We affirm the district court's dismissal for substantially the reasons it gave in its Memorandum and Order of December 18, 2003. The complaint sets out with great particularity the alleged wrongdoing of the other defendants, but fails to allege facts supporting a strong inference that FSC itself knew or should have known, after roughly five months as outside auditor, of the alleged deceptions and accounting problems of its client. *See Rothman v. Gregor*, 220 F.3d 81, 98 (2d Cir.2000). In the absence of such facts, the complaint does not include the requisite circumstantial evidence that FSC, as an outside auditor, engaged in "'highly unreasonable'" auditing "representing 'an extreme departure from the standards of ordinary care ... approximat[ing] an actual intent to aid in the

fraud being perpetrated by the audited company.'" *Id.* (quoting *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 120–21 (2d Cir.1982) (further internal quotation marks omitted)).

The district court's dismissal for failure adequately to plead scienter was therefore correct, and we affirm its dismissal of the complaint against FSC.